IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**RODNEY HARPER**,

        Petitioner,

v.

**UNITED STATES OF AMERICA**,

        Respondent.

Civil No.: 3:18-CV-31
Criminal No.: 3:13-CR-47
(JUDGE GROH)

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On March 12, 2018, *pro se* petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. ECF No. 125.[1] On May 14, 2019, the undersigned entered an Order [ECF No. 131] advising Petitioner that his § 2255 Motion would be dismissed as untimely within fourteen days unless he could demonstrate that the statute of limitations could be equitably tolled. Petitioner received this Order on June 3, 2019, and has failed to respond.

### II. FACTS

#### A. Conviction and Sentence

Petitioner was one of two Defendants charged in a five-count indictment returned on October 1, 2013. ECF No. 30. Petitioner was charged in Count One with Conspiracy to Engage in Sex Trafficking in violation of Title 18, United States Code, Section 1594(c);

---

[1] All CM/ECF numbers cited herein refer to Petitioner's criminal case, 3:13-CR-47.

1

in Count Two with Aiding and Abetting Sex Trafficking in violation of Title 18, United States Code, Sections 1591(a) and 2; in Count Four with Travel Interstate Commerce with Intent to Engage in Illicit Sexual Conduct in violation of Title 18, Untied States Code, Section 2423(b); and in Count Five with Possession with Intent to Distribute Heroin in violation of Title 21, United States Code, Section 841(a)(1). On March 3, 2014, pursuant to a written plea agreement, Petitioner pled guilty to Count Two of the indictment. ECF No. 75, 77. On June 2, 2014, the Court sentenced Petitioner to a term of 211 months of imprisonment followed by 5 years of supervised release and dismissed the remaining charges. ECF No. 87. The Court entered the judgment on June 18, 2014. ECF No. 99.

    **B.**    <u>**Appeal**</u>

Petitioner did not pursue a direct appeal. ECF No. 130 at 2.

    **C.**    <u>**Instant § 2255 Motion to Vacate**</u>

Petitioner's Motion sets forth four issues. First, Petitioner alleges that there was a sentencing guideline error, stating that his base offense level should have been a 32 instead of a 37. ECF 130-1 at 3. He cites <u>Rosales-Mireles v. United States</u>, 138 S. Ct. 1897 (2018), contending the decision created a new law that "guidelines [e]rror 'shall' be [c]orrected." ECF No. 130-1 at 3. Second, Petitioner claims that his two-level enhancement under § 2G1.3(b)(4)(A) of the guidelines is double jeopardy. He again cites <u>Rosales-Mireles</u> contending that a sentencing calculation error must be remanded. ECF No. 130-1 at 4. Third, Petitioner contends that his offense level was enhanced two levels in his PSR without explanation. ECF No. 130-1 at 5. He cites <u>Class v. United States</u>, 138 S. Ct. 798 (2018) contending the decision created a new law that "Defendant does not give up right to make challenge to constitutional issue by simply pleading guilty." ECF.

2

No. 130-1 at 5. Finally, Petitioner alleges that his counsel, Nicholas J. Compton, Assistant Federal Public Defender, was ineffective at sentencing for not pursuing the errors listed in this motion as grounds 1, 2, and 3. ECF No. 130-1 at 5.

The undersigned must first review this motion to decide if it is timely filed.[2]

### D. Recommendation

The undersigned now issues this Report and Recommendation on Petitioner's Motion without holding an evidentiary hearing. Based upon review of the record, the undersigned recommends that Petitioner's Motion under 28 U.S.C. § 2255 be denied and dismissed from the docket as untimely.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, which established a one-year limitation period within which to file any federal habeas corpus motion.  28 U.S.C. § 2255[3].

The limitation period shall run from the last of:

> 1. The date on which the judgment of conviction becomes final;
> 2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> 3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

---

[2] It appears that Petitioner's assertions of "new law" in Rosales-Mireles and Class are being used to extend the filing time allowed for this Motion under subsection three of AEDPA.
[3] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

        retroactively applicable to cases on collateral review[4]; or

4.     The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Petitioner makes no argument that he was prevented from filing his Motion based on governmental action, nor does Petitioner allege that the claims presented were not earlier known. Therefore, subsections two and four are not applicable to this case.

However, Petitioner does argue that subsection three is applicable citing two recent Supreme Court cases: Rosales-Mireles, 138 S. Ct. 1897 (2018) and Class 138 S. Ct. 798 (2018).[5] ECF No. 130 at 13. Subsection three of AEDPA requires that the one-year time limitation runs from the date a new right is recognized by the Supreme Court as long as (1) the newly recognized right was (2) made retroactive to cases on collateral review. 28 U.S.C. § 2255. The undersigned finds that the Rosales-Mireles and Class cases do not comply with these two requirements for the reasons discussed below.

In Rosales-Mireles, the Supreme Court held that a Court of Appeals could consider an argument first raised on direct appeal that a criminal defendant had been sentenced using miscalculated sentencing guidelines. Id. Rosales-Mireles interpreted and applied Federal Rule of Criminal Procedure 52(b), which governs courts' discretion during direct appeals not collateral review. In Class, the Supreme Court held that: "a guilty plea does not, by itself, bar a defendant from challenging the constitutionality of the

---

[4] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353, (2005).

[5] Petitioner does not assert these cases were made retroactive on collateral review. However, that is a requirement of subsection three and will be discussed herein.

statute of conviction on direct appeal, and defendant's negotiated guilty plea did not waive direct appellate review of his constitutional claims." Id. Both these cases address issues on direct appeal not collateral review. Regardless, subsection three also requires that the Supreme Court's "newly recognized right" to have been made retroactive to cases on collateral review. Petitioner does not allege retroactivity. ECF No 130. In fact, the Supreme Court did not make either Rosales-Mireles or Class cases retroactive.[6] Therefore, subsection three is inapplicable and does not trigger a later date on which Petitioner could seek relief pursuant to § 2255.

Therefore, subsection one is the only relevant provision to consider with regard to the timeliness of this motion. In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if, following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003). Here neither exception applies because the petitioner did not file a direct appeal of his conviction.

---

[6] The undersigned has not found any case decided in the Fourth Circuit Court of Appeals which treats the holdings in Rosales-Mireles and Class to be retroactive.

For federal prisoners, the time for filing a direct appeal expires fourteen days after the written judgment of conviction is entered on the criminal docket. <u>See</u> Fed. R. App. P. 4(b)(1)(A)(i). Petitioner's conviction became final on July 2, 2014, the date his time for filing a direct appeal expired. Therefore, Petitioner had until July 2, 2015, to file his habeas corpus under AEDPA. Because the petitioner did not file his section 2255 motion until March 25, 2018, it is clearly time barred.

## IV.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:18-CV-31, ECF No. 1; Criminal Action No. 3:13-CR-47, ECF No. 125] be **DENIED** and **DISMISSED with prejudice** as untimely filed.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas</u>

6

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: October 23, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE